IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | CRIMINAL NO. 09-0253-CG |
| ) | |
| JODI CARL SILVIO, ) | |
| ) | |
| Defendant. ) | |

## ORDER

The defendant Jodi Carl Silvio is charged by an indictment with health-care fraud in violation of 18 U.S.C. § 1347 ("Count One") and with aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) ("Count Two").  (Doc. 1).  This matter is now before the court on the defendant's motion to dismiss Count 2 (Doc. 7) and the government's response (Doc. 8).

Section 1028A provides that "[w]hoever, during and in relation to any felony violation enumerated in subsection (c), knowingly transfers, possesses, or uses, without lawful authority a means of identification of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years."  18 U.S.C. § 1028.  Subsection (c)(5) provides that "[f]or purposes of this section, the term 'felony violation enumerated in subsection (c)' means any offense that is a felony violation of... any provision contained in chapter 63 (relating to mail, bank, and wire fraud)."  18 U.S.C. § 1028A(c)(5)(emphasis added).

The defendant maintains that "[t]he Indictment in this case identifies a violation of 18 U.S.C. § 1347 as the predicate or qualifying felony violation which supports the alleged aggravated identity theft."  The defendant argues that "[a] violation of § 1347 is not specifically enumerated in this section as a qualifying felony violation, and even though the chapter in which § 1347 appears (Chapter 63) is identified, the statute limits those Chapter 63 violations to those

'related to mail, bank and wire fraud.' The reference does not include healthcare fraud, the predicate act alleged here." (Doc. 7, p. 1). The government counters that "the parenthetical phrase 'relating to mail, bank and wire fraud' is simply illustrative, and is meant to give the reader a general idea of what types of crimes are included in chapter 63." (Doc. 8, p. 3).

This court finds the government's argument persuasive. The statute in question includes "any" offenses in chapter 63 which includes health-care fraud. See 18 U.S.C. § 1028A(c)(5). If "Congress intended to omit health-care fraud from the list of underlying offenses in section 1028(A)(c)(5), it would have used language similar to section 1028A(c)(4), which states 'any provision contained in this chapter (relating to fraud and false statements), **other than this section or section 1028(a)(7)**.' 18 U.S.C. § 1028A(c)(4)(emphasis added)." United States v. Diaz, 2008 WL 686961, at *4 (S.D.Fla. Mar. 12, 2008); see also United States v. Estrada-Sanchez, 558 F.Supp.2d 129, 131 (D.Maine 2008); see United States v. Herring, 602 F.2d 1220, 1223 (5th Cir. 1979)(holding that parenthetical in 18 U.S.C. § 1961 was "merely to aid identification of [18 U.S.C.] § 2314 rather than to limit"); United States v. Monjaras-Castaneda, 190 F.3d 326, 330 (5th Cir.1999)("parenthetical is, after all, a parenthetical and it cannot be used to overcome the operative terms of the statute.").

For the above stated reasons, the defendant's motion to dismiss Count Two of the indictment is **DENIED**.

**DONE** and **ORDERED** this 6th day of January, 2010.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE